UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEON BULLOCKS, JR., ) | |
| ) | Case No. 2:16-cv-02478-JAD-NJK |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CITY OF NORTH LAS VEGAS, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 3. Plaintiff submitted a complaint. Docket No. 1-1.

I.   *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 3. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When
2  a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
3  complaint with directions as to curing its deficiencies, unless it is clear from the face of the
4  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
5  1103, 1106 (9th Cir. 1995).

6  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
7  for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
8  essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th
9  Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing
10 that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.
11 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more
12 than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft
13 v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court
14 must accept as true all well-pled factual allegations contained in the complaint, but the same
15 requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the
16 elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.
17 Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible,
18 the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint
19 are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627
20 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required
21 after *Twombly* and *Iqbal*).

22 Plaintiff's complaint revolves around allegations that the City of North Las Vegas violated
23 his civil rights by posting a false record of criminal arrest and conviction, which led to Plaintiff's
24 false arrest. *See* Docket No. 1-1 at 3. The only defendant sued by Plaintiff is the City of North Las
25 Vegas. Local governments, such as municipalities, can be sued under § 1983, but only for "a policy
26 statement, ordinance, regulation, or decision officially adopted and promulgated by that body's
27 officers" or for a "governmental 'custom' even though such a custom has not received formal
28 approval through the body's official decisionmaking channels." *Monell v. Dept. of Soc. Serv. of City*

*of N.Y.*, 436 U.S. 658, 690-91 (1978).  Here, Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights or that any misconduct was the result of a failure to train, and he has not stated a *Monell* claim against the City of North Las Vegas.

Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence.  *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).  Although not entirely clear, it appears that Plaintiff's arrest resulted in his conviction.  *See* Docket No. 1-1 at 4 (noting jail time serve).[1]  The Court is unable to determine whether Plaintiff states a claim, however, because he has failed to allege whether that arrest led to a conviction and, if so, whether that conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question.

Accordingly, the complaint fails to state a claim on which relief can be granted.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This

---

[1] In a previous case, Plaintiff alleged a similar arrest and resulting conviction.  *See Bullocks v. Brooks*, Case No. 2:14-cv-1950-RCJ-PAL, Docket No. 1-1 at 6 (D. Nev.) (alleging that Plaintiff pleaded guilty).  That case was dismissed on the same grounds outlined herein.  *See Bullocks v. Brooks*, 2015 U.S. Dist. Lexis 42082 (D. Nev. Feb. 4, 2015), *adopted* 2015 U.S. Dist. Lexis 42087 (D. Nev. Mar. 31, 2015).  It is not clear whether the arrest in Plaintiff's previous case is also an arrest at issue in this case.

Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **December 15, 2016**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: November 15, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge