UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEON BULLOCKS, JR.,
            Plaintiff(s),

vs.

NORTH LAS VEGAS POLICE DEPARTMENT,
            Defendant(s).

Case No. 2:16-cv-02478-JAD-NJK

REPORT AND RECOMMENDATION

On November 15, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 4. At the same time, the Court screened Plaintiff's complaint as required by 28 U.S.C. § 1915(e), and found that Plaintiff failed to state a claim upon which relief can be granted. *Id.* In particular, the Court concluded that (1) the claims failed because Plaintiff did not allege the elements required for municipal liability as established in *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978) and (2) the claims failed because Plaintiff did not allege that the conviction resulting from the alleged misconduct had been reversed, expunged, declared invalid or called into question as required by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). *Id.* at 2-3. The Court afforded Plaintiff an opportunity to amend his complaint if he believed he could correct these deficiencies. *Id.* at 4.

Now pending before the Court is Plaintiff's amended complaint. Docket No. 7. While the amended complaint makes some changes to the parties in the case,[1] it continues to suffer from the same fatal defects as the initial complaint. No allegations are made sufficient to establish municipal liability under *Monell*, as outlined in the Court's previous order. Moreover, the alleged misconduct led to Plaintiff's conviction and jail term, *see, e.g.*, Docket No. 7 at 4 (referring to jail time),[2] but Plaintiff has still not alleged any facts from which the Court could conclude that the claims are not barred by *Heck*.

In short, for the same reasons already outlined in the initial screening order, the amended complaint fails to state and the undersigned **RECOMMENDS** that the case be **DISMISSED**.

DATED: January 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due

---

[1] Plaintiff initially sued the City of North Las Vegas. *See* Docket No. 1-1. The amended complaint replaces the city with the North Las Vegas Police Department. *See* Docket No. 7. Under Nevada law, the police department is not properly named as a defendant, and instead the underlying claim is actually against the city itself. *See, e.g.*, *Wallace v. City of North Las Vegas*, 2011 WL 2971241, at *1 (D. Nev. 2011). This change of party does not impact the fact that Plaintiff has failed to allege sufficiently municipal liability.

Although not listed as a defendant in the body of the amended complaint, *see* Docket No. 7 at 2-3, it appears Plaintiff now also seeks to sue the police chief because he is identified in the caption. Such claims fail for the same reason as outlined herein.

[2] Although he refers to his jail sentence, Plaintiff does not affirmatively plead that he was convicted in his complaint or amended complaint filed in this case. As the Court previously identified (Docket No. 4 at 3 n.1) and as Plaintiff acknowledges (Docket No. 7 at 6-7), he filed a substantially similar case previously that did allege a similar arrest and resulting conviction. *See Bullocks v. Brooks*, Case No. 2:14-cv-1950-RCJ-PAL, Docket No. 1-1 at 6 (D. Nev.) (alleging that Plaintiff pleaded guilty). That case was dismissed on the same grounds outlined herein. *See Bullocks v. Brooks*, 2015 U.S. Dist. Lexis 42082 (D. Nev. Feb. 4, 2015), *adopted* 2015 U.S. Dist. Lexis 42087 (D. Nev. Mar. 31, 2015).

to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).